IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Miche Bag, LLC, | ) | C/A No.: 4-09-3261-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Leslie Ayers, d/b/a Your Little Makeup | ) | |
| Shoppe, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Miche Bag, LLC ("Miche" or "Plaintiff"), which manufactures and distributes handbags, purses and related products, sued Defendant Leslie Ayers, d/b/a Your Little Makeup Shoppe, ("Ayers") for copyright and trade-dress infringement pursuant to 17 U.S.C. § 501 ("Copyright Act") and 15 U.S.C. § 1117 ("Lanham Act"). Compl. ¶¶ 8; 14–29. Although Ayers was served with Miche Bag's Complaint, she has not filed an answer or other responsive pleading. Pursuant to Miche Bag's request, the Clerk of Court entered default against Ayers on April 13, 2010. *See* Entry #16 and #17. Miche Bag then moved for a default judgment and award of attorneys' fees and other costs. *See* Entry #27. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Terry L. Wooten referred the default judgment motion to the undersigned for a hearing and a Report and Recommendation ("Report"). *See* Entry #18. The court conducted a hearing on September 8, 2010, at which only Miche Bag appeared. The court took the matter under advisement and presents this Report for the court's consideration.

## I. Introduction

Miche Bag filed this copyright and trademark-infringement action against Ayers on December 18, 2009, seeking an award of statutory damages, other damages, injunctive relief, attorneys' fees, and costs. Miche Bag alleges that Ayers sold products in her Myrtle Beach, South Carolina store that infringed upon Plaintiff's registered copyrights and trade dress. *See* Compl. ¶¶ 14–29 and Prayer for Relief.

In its Motion for Default Judgment, Miche Bag seeks damages, costs, attorneys' fees, and injunctive relief. At the September 8, 2010 hearing, Miche Bag's counsel indicated it would proceed on its copyright infringement claims only and not pursue damages for Ayers' trade dress infringement because of its inability to conduct discovery on Ayers' sales and profits. Therefore, the remainder of this Report focuses on Miche Bag's copyright infringement cause of action and resulting damages.

### A. Jurisdiction and Venue

The court has subject matter jurisdiction over the copyright infringement and trade dress claims pursuant to 28 U.S.C. §§ 1331, 1338(a); 17 U.S.C. § 101, *et seq.*, and 15 U.S.C. § 1051, *et seq. See* Compl. ¶¶ 5–6. This court has personal jurisdiction over Ayers, and venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because she is a South Carolina resident who conducts business in this district and because a substantial part of the alleged acts of infringement occurred here. Compl. ¶¶ 2–3, 7.

B.      Process and Service

On February 2, 2010, Plaintiff's private process server personally served Ayers at 2954-B Howard Avenue in Myrtle Beach, South Carolina. *See* Aff. of Service [Entry #7-1]. Ayers' answer was due February 23, 2010. *See* Entry #7. Plaintiff's counsel, William Y. Klett III, stated that Ayers contacted him by telephone on February 25, 2010, and requested a thirty-day extension of time within which to obtain counsel and answer the Complaint. *See* Klett Decl. ¶ 2 [Entry #16]. Klett granted the requested extension, making Ayers' answer or other responsive pleading due on March 24, 2010. *Id.* Klett confirmed the extension and deadline for Ayers' answer in a February 25, 2010 email to her. Exh. A to Klett's Decl. [Entry#16-1].

C.      Grounds for Entry of Default

Ayers did not timely file an answer or otherwise plead as of March 24, 2010, nor has she since filed any response. Klett Decl. ¶ 4 [Entry #16-1]; Declaration of Miche Bag's counsel James B. Belshe in Supp. of Mot. for Entry of Default ("Belshe Decl."), ¶ 4 [Entry #18-1]. On April 23, 2010, Miche Bag filed its request for entry of default, which its counsel served on Ayers at the business. *See* Entry #16. The Clerk of Court properly entered default as to Ayers on April 13, 2010, pursuant to Federal Rule of Civil Procedure 55(a). *See* Entry #17.

On August 19, 2010, the court noticed a hearing for September 8, 2010, on Miche Bag's Motion for Entry of Default Judgment and Award of Attorney's Fees and Other Costs. *See* Entry #22. Also on August 19, 2010, the court mailed notice of the

September 8, 2010 hearing on Miche Bag's Motion for Default Judgment to Ayers at the business by both certified and regular mail. Entry #23. As of the date of this Report, the court has received no indication that Ayers did not receive these notices.

II.     Findings of Fact

Having reviewed Miche Bag's Complaint, Answers to Local Rule 26.01 Interrogatories, Request for Entry of Default, Motion for Entry of Default Judgment and Award of Attorneys' Fees and Other Costs, as well as all supporting and supplemental information provided, the undersigned accepts Miche Bag's well-pleaded factual allegations as true and makes the following factual findings. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting "'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (*quoting Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001))).

Miche Bag is a Utah limited liability company with its principal place of business in Utah. Compl. ¶ 1. Ayers resides in and conducts business in South Carolina and is a competitor of Miche Bag in the market of "purses handbags and related products." *Id.* ¶¶ 2–4. Miche Bag manufactures and distributes handbags, purses and related products to customers in the United States. *Id.* ¶ 8. Relevant to this litigation, Miche Bag owns the following registrations in the United States Copyright Office: U.S. Registration No. VA l-652-014 for the "Black Ellie" design, VA l-652-763 for the "Jayma" design, and U.S.

Registration No. VA 1-652-025 for the "Ostrich Shell" design (hereinafter referred to as the "Miche Copyrighted Works"). *Id.* ¶ 9. Miche Bag has provided true and correct copies of these copyright registrations. *See* Compl. ¶ 9 & exh. A ("Black Ellie" and "Jayma" registrations); 2d Suppl. to Mot. for Entry of Default J. ("Ostrich Shell" registration) [Entry #29-1]. Miche Bag sells and has sold "purses, handbags, straps for purses and handbags, and removable decorative covers for purses and handbags using the Miche Trade Dress and the Miche Copyrighted Work[,]" and has developed significant, valuable goodwill by using its Copyrighted Works and Trade Dress. Compl. ¶ ¶ 12–13.

III.    Recommendation

Having found the facts as set forth in Miche Bag's Complaint deemed admitted by default, the court must ensure the Complaint sets forth claims under the Copyright Act before entering default judgment. *See, e.g., GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (considering facts and evaluating plaintiff's claims prior to entry of default judgment in copyright action). The court considers whether Miche Bag has set forth claims for which relief can be granted pursuant to the standard of Federal Rule of Civil Procedure 12(b)(6).

To establish its Copyright Act claim, Miche Bag must show the following: (1) that it owned valid copyrights and (2) that Ayers copied original elements of Miche Bag's copyrighted work. *Trandes Corp. v. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993); *see also Artista Records LLC v. Gaines*, 635 F. Supp. 2d 414, 416 E.D.N.C. 2009) (setting out elements). Miche Bag has satisfied both of these elements.

Miche Bag has established its ownership of the three copyrights it claims Ayers unlawfully copied by providing valid Certificates of Copyright Registration issued to it by the Registrar of Copyrights for these three designs. Miche Bag has also set forth an actionable claim that Ayers copied original elements of Miche Bag's copyrighted work in advertising, selling, or offering for sale purses whose designs copy or are substantially similar to those designs copyrighted by Miche Bag.  Compl. ¶ 17.  Miche Bag offered proof of Ayers' infringement of its copyrights by providing copies of December 2009 photographs of Ayers' infringing products for sale in her store. *See* Dec. 29, 2009 photographs of My Little Makeup Shoppe and infringing products [Entry #18-7]; *see also* print-out of website showing infringing product [Entry #18-8].  Further, at the September 8, 2010 hearing, Miche Bag's counsel proffered samples of Miche Bag's purses bearing the copyrighted design and samples of similar purses purchased from Ayers' shop. Therefore, the court finds that Miche Bag has shown that Ayers copied original elements of Miche Bag's Copyrighted Works. The undersigned recommends that default judgment be entered in Miche Bag's favor as to its claim for copyright infringement.

IV.     Damages and Other Relief

The Copyright Act provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright. 17 U.S.C. § 501(a). Plaintiffs are generally entitled to remedies including injunctions, monetary damages, costs, and attorney's fees. 17 U.S.C. §§ 502, 504, 505.  "[A]n infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer

. . . or (2) statutory damages." 17 U.S.C. § 504(a). Here, Miche Bag seeks statutory damages of $450,000 (the maximum of $150,000 for allegedly willful infringement of each of these copyrights) pursuant to 17 U.S.C. § 504(c)(2); attorneys' fees and costs pursuant to 17 U.S.C. § 505; a permanent injunction preventing further infringement; a declaratory judgment holding Ayers liable for willful copyright infringement pursuant to 17 U.S.C. § 501; and an order requiring Ayers to destroy any and all products, packaging, and advertising utilizing Miche Bag's Copyrighted Works. *See* Pl.'s Mot. for Entry of Default J. and Award of Attorneys' Fees and Other Costs.

    A.    Statutory Damages

The Copyright Act provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action[.]" 17 U.S.C. § 504(c)(1). The court may award statutory damages "in a sum of not less than $750 or more than $30,000[.]" *Id.* When "the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Miche Bag claims that Ayers' infringement was willful. *See* Pl.'s Suppl. to Mot. for Entry of Default J. and Award of Attorneys' Fees and Other Costs [Entry #18-5]. Evidence that a defendant has been given notice of infringement, yet continues to sell the infringing product, is "'perhaps the most persuasive evidence of willfulness.'" *Superior*

*Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 496 (4th Cir. 1996) (*quoting Video Views, Inc. v. Studio 21 Ltd.* 925 F.2d 1010, 1021 (7th Cir. 1991)). Furthermore, a defendant's default may establish willful copyright infringement. *See Microsoft Corp. v. Wen*, No. C 99-04561 MEJ, 2001 WL 1456654, *4-5 (N.D. Cal. Nov. 13, 2001) (finding willfulness based on allegations of willfulness in plaintiff's complaint); *see also Fallaci v. The New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) (drawing inference of willfulness from publisher defendant's failure to appear and defend action).

Miche Bag notified Ayers that she was infringing its copyrights in a September 4, 2009 cease-and-desist letter. *See* Sept. 4, 2009 Ltr. from Pl.'s counsel Belshe to Def. [Entry #18-6]. Ayers continued to sell the infringing products thereafter, causing Miche Bag to file this action on December 18, 2009. *See* Compl. [Entry #1]*; see* Dec. 29, 2009 photographs of My Little Makeup Shoppe and infringing products [Entry #18-7]. Ayers received notice of the litigation when she was personally served with the Complaint on February 2, 2010. Further, Ayers contacted counsel for Miche Bag and sought an extension of time within which to answer the Complaint. Despite being aware of the allegations against her, Ayers did not answer or otherwise plead. Further, the Clerk of Court entered default pursuant to Rule 55(a) on April 13, 2010. *See* Entry #17. To date, Ayers has not indicated that she has discontinued her selling of the infringing products. In fact, Ayers has never responded to the court or to Plaintiff at all. She plainly was

aware of the litigation and made the affirmative decision not to appear and defend the litigation. The court finds that this course of action evidences her willful infringement.

Having found that Ayers' infringement of Miche Bag's copyrighted designs was willful, the court must determine the amount of damages to award Miche Bag. In its supplemental memorandum in support of its motion for default judgment, Miche Bag seeks the maximum damages of $150,000 per infringed copyright, for total statutory damages of $450,000. *See* Suppl. Mem. [Entry #18-5]. At the September 8, 2010 hearing, counsel for Miche Bag noted that it sought statutory damages based on the willfulness of Ayers' actions and noted that the court had discretion to award an amount between $30,000 per violation and $150,000 per violation (i.e., between $90,000 and $450,000 for the three copyright violations). In determining the amount of statutory damages to award, the court considers the facts and circumstances, as well as the deterrent effect an award may have on a defendant. *See Artista Records*, 635 F. Supp. 2d at 418.

Here, no evidence is available regarding any actual damages to Miche Bag because Ayers' default has precluded discovery of her profits from selling the infringing products. The court finds that Ayers' infringement was willful and awards Miche Bag statutory damages of $50,000 per infringed copyright, for total statutory damages of $150,000.

B.    Costs and Attorneys' Fees

Pursuant to the Copyright Act, the court may, in its discretion, award a prevailing party full costs and reasonable attorneys' fees. 17 U.S.C. § 505. Miche Bag is the

prevailing party here. As set out by the Fourth Circuit, courts are to consider the following factors in determining an award of costs and fees to a prevailing party under Section 505: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented. *Superior Form Builders*, 74 F.3d at 489.

        1.     Request for Costs

Prior to the September 8, 2010 hearing, Miche Bag submitted its request to recover $384.50 in costs, which includes a statutory filing fee of $350.00 and $34.50 in document printing and photocopying costs. *See* Verified Mem. of Costs [Entry #18-4]. These costs fall squarely within the allowable costs permitted by 28 U.S.C. § 1920. The court finds the requested costs to be reasonable and recommends Ayers be required to pay such costs.

Subsequent to the hearing, Miche Bag submitted its Second Verified Memorandum of Costs. [Entry #29-2]. In addition to the $384.50 costs for the filing fee and document, Miche Bag requests the award of $1,214.31 as costs to reimburse counsel for travel expenses to the September 8, 2010 hearing. *Id.* ¶ 3. Attorney travel expenses are not typically recoverable pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1920, or Federal Rule of Civil Procedure 54(d)(1). *See Abrams v. Wachovia Corp.*, 3:08-4073-JFA, 2010 WL 3169278 (D.S.C. Aug. 6, 2010) (finding counsel's travel fees were not taxable costs); *Wolfe v. Wolfe*, 570 F. Supp. 826, 827 (D.S.C. 1983) (same); *see generally* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2666 (3d ed.)

("[A]bsent a special statute or an exceptional exercise of judicial discretion," "travel expenditures" are to be "borne by the litigants[]" and will not be awarded to the prevailing party.). Further, this court's Local Rule 54.03 does not include attorney travel expenses as potentially recoverable expenses, nor has Miche Bag provided argument why such fees should be recoverable costs. The undersigned recommends that this portion of Miche Bag's requested costs be disallowed.

Additionally, in a September 16, 2010 Affidavit of Attorney's Fees and Costs of Nexsen Pruet, LLC, Miche Bag requested the award of $985.05 in unspecified costs. 2d Verified Mem. of Costs, ¶ 2 [Entry #29-2]. In the affidavit, Miche Bag counsel Klett represents that the costs were "necessarily incurred" in representing Miche Bag. *Id.* Although the court does not question counsel's representation of the amount or necessity of the $985.05 in costs, without further specificity indicating the exact purposes of these costs incurred, the undersigned is constrained to recommend denial of this portion of Miche Bag's request for costs. Should Miche Bag detail these costs and why they should be taxed in any objections to this Report, the district court may choose to consider the specifics of the request and make its independent determination regarding whether such costs should be included in any default judgment.

Based on the information and supporting documents before the court at this time, the undersigned recommends that judgment against Ayers should include the award of $384.50 in costs.

2.    Attorneys' Fees

In support of its request for attorneys' fees, Miche Bag submits two filings:  the Declaration of James Belshe [Entry 18-1], in which Belshe documents that Miche Bag has incurred $16,279.25 in attorneys' fees as of April 29, 2010, the date the Motion for Default Judgment and Award of Attorneys' Fees was filed; and the September 16, 2010 Affidavit of Attorney's Fees and Costs of Nexsen Pruet, LLC, which includes $9,417.00 in legal fees from the South Carolina law firm representing Miche Bag in this matter.  *See* Belshe Decl. ¶¶ 10–19 [Entry #18-1]; Aff. of Attorney's Fees and Costs of Nexsen Pruet, LLC ["Klett Fee Aff."] ¶ 6 [Entry #29-4].   Belshe and others in his firm have been admitted pro hac vice in this matter; Klett is licensed to practice before this court.

In this case, Ayers has not appeared and has not challenged the fees Miche Bag seeks. Nonetheless, in determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12)

attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *Jackson v. Estelle's Place, LLC*, No. 09-1700, 2010 WL 3190697, *4 (4th Cir. Aug. 12, 2010). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

With these factors in mind, the court considers the two statements of attorneys' fees, beginning with the Belshe Declaration. Belshe's Declaration requests fees for 108.35 hours of work by four professionals—Belshe, two other attorneys, and one paralegal—and sets out the hourly rates for each of them. Belshe Decl. ¶¶ 10–13; 16 [Entry #18-1]. More particularly, in paragraph 16, his declaration seeks the following:

| Attorney/Paralegal | Hourly Rate | Amount of Time (Hours) | Amount ($) |
|---|---|---|---|
| James B. Belshe | $260 | 42.45 | $11,037.00 |
| Amber Leavitt | $205 | 23.25 | $ 4,766.25 |
| Jessica Garcia | $140 | 3.40 | $ 476.00 |
| **Totals** | | **108.35** | **$16,279.25** |

Belshe declares that the work was required and reasonable in obtaining the result of a judgment against Ayers. *See id.* ¶¶ 17–18. Belshe's Declaration describes the work as including "a thorough factual investigation before the filing of the Complaint" and provides some detail of that investigation, other pre-filing work, and the work performed in commencing the legal action and seeking the default judgment. *Id.* ¶ 17. Further, he declares that the amount of fees requested takes into account the time spent, as well as each professional's experience, skill, and amount of responsibility in the matter. *Id.* ¶ 19.

Although Belshe does not expressly discuss the *Barber* factors, the court finds that Belshe's declaration appropriately addresses many of the same considerations. In light of the considerable work required to investigate a copyright matter prior to filing suit, and all information provided and known to the court, the undersigned submits that the 108.35 of time billed and explained in Belshe's declaration are reasonable.

In addition, Belshe's Declaration references and attaches two articles containing general information regarding average attorneys' fees nationwide as of 2005 and 2006. *Id.* ¶¶ 14–15 & exhs. A, B. However, these articles do not satisfy the requirement that one seeking attorneys' fees must establish those fees to be comparable to customary fees for like work in the relevant market of South Carolina or the reasonableness of the rates requested. *See generally Grissom v. Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (reversing fee award, in part because "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the [district] of similar skill and for similar work, which our case law

required him to do." ); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.").

Without specific support for the requested rates, the court cannot appropriately conduct the required analysis of the reasonableness of hourly rates requested. Nonetheless, the court may drawn on its own knowledge of litigation rates often charged in this district. *See Joe Hand Promotions, Inc. v. The Precint Bar-Daxlam, Ltd.*, 3:10-199-CMC, 2010 WL 3420189 (D.S.C. Aug. 23, 2010) (finding requested fees to be reasonable based on court's "own knowledge of rates charged in litigation in this court" for "similar work in this geographic area[,]" while admonishing counsel to comply with the requirements of *Grissom* and *Plyler* in any future fee petitions).[1] The undersigned recently considered fee applications and found $200/per hour to be an appropriate rate for counsel defending a motion to compel that did not require specialized skill that potentially could justify the higher rate requested by out-of-state attorneys. *See City of Myrtle Beach v. United Nat'l Life Ins.*, 4:08-1183-TLW-SVH, Entry 91 at 24–25 (D.S.C. Aug. 27, 2010).

In this case, the court does not have documentation to support a market rate higher than $200/hour, nor does it have independent knowledge of recent higher fees charged in

---

[1]Although not specifically noted in this decision, the fee the court in *Joe Hand Promotions* found to be reasonable in the District of South Carolina was $200/hour. *See Joe Hand Promotions,* 3:10-199-CMC, Entry # 9-6 (D.S.C. March 19, 2010).

this geographic area for matters similar to this one.  Accordingly, the court recommends that the fees requested in the Belshe declaration for Belshe and Leavitt be reduced from $260 and $205, respectively, to $200/hour.  By the court's calculations, this would reduce the fee award to $13, 616.  In the event that, during the period within which it may file objections to this report and recommendation, Miche Bag's attorneys comply with the *Grissom* and *Plyler* requirements, the district court may wish to award a different amount of fees.

The court now considers the fee application submitted by Klett of Nexsen Pruet, LLC. [Entry #29-4].  At the September 8, 2010 hearing, the court asked counsel for Miche Bag to supplement the record to include additional fees and costs incurred in attending the hearing and performing other work necessary for seeking and obtaining the default judgment against Ayers. On September 16, 2010, Miche Bag submitted the Affidavit of Attorney's Fees and Costs of Nexsen Pruet, LLC, which includes $9,417.00 in legal fees. *See* Klett Fee Aff. [Entry #29-4].  More specifically, the affidavit sets out the requested fees as follows:

| | | | |
|---|---|---|---|
| Attorney Time (WYK) | 2.10 hours at $400/Hr. | = | $  840.00 |
| Attorney Time (WYK) | 17.10 hours at $435/Hr. | = | $7438.00 |
| Attorney Time (DCL) | 2.10 hours at $400/Hr. | = | $   85.00 |
| Paralegal Time (JH) | 7.8  hours at $135/Hr. | = | $1053.00 |

*Id.* ¶ 6.

In support of his fee application, Klett states that the fees for hours worked were "necessarily incurred" in representing Miche Bag.  *Id.* Beyond that statement, though, he

offers no analysis of the reasonableness of the fee requested or other *Barber* factors, nor does he otherwise purport to comply with any of the *Grissom* and *Plyler* requirements. Nonetheless, based on information gained at the hearing of this matter and the court's understanding of the work performed in this matter, the court finds that the time expended by Klett, his fellow attorney, and his paralegal were reasonable. For the same reasons set out above regarding the hourly rates requested in Belshe's declaration, though, the court cannot, on this record, find the hourly rates of $400, $435, and $285 are reasonable or appropriate in this geographic location. Accordingly, the undersigned recommends the hour rate of the attorney time submitted be reduced to $200/hour. According to the court's calculations, this will reduce the amount of fees recoverable to $3,900. Again, if counsel supplies additional information demonstrating that the requested hourly rate is appropriate for matters of this nature in this jurisdiction, the district judge may choose to award additional fees.

Based on the information and supporting documents before the court at this time, the undersigned recommends that judgment against Ayers include the award of $17,516 ($13,616 + $3,900) in attorneys' fees.

C.     Declaratory and Injunctive Relief and Order of Destruction

In addition to monetary relief, Miche Bag requests a permanent injunction restraining Ayers, her agents, servants, employees, officers, and those acting in concert with her from further infringing Miche Bag's Copyrighted Works and ordering Ayers to destroy all products, packaging, merchandise, advertisements, or other materials that

violate Miche Bag's Copyrighted Works. Mot. for Entry of Default J. 3–4. Miche Bag also seeks the court's order requiring Ayers to "destroy any and all products, packaging, and advertising utilizing Miche Bag's Trade Dress and Copyrighted Works." *Id.*

The Copyright Act permits a court of competent jurisdiction to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Courts likewise have the authority to grant injunctions in default judgment actions involving copyright infringement. *See DIRECTV, Inc. v. Brown*, 317 F.3d 814, 816–19 (11th Cir. 2004) (affirming district court's grant of permanent injunction in default judgment case); *see also EMI April Music, Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 635 (M.D.N.C. 2010) (granting injunctive relief and statutory damages in copyright infringement default judgment action). When the infringement prevents a plaintiff from obtaining an adequate legal remedy, injunctive relief is appropriate. *Jasperilla Music Co., M.C.A., Inc. v. Wing's Lounge Ass'n*, 837 F. Supp. 159, 161 (S.D.W. Va. 1993). Further, when infringement has been established and the threat of continuing infringement exists, a permanent injunction may be appropriate. *See Rodriguez*, 691 F. Supp. 2d at 635 (*citing Bonnyview Music Corp. v. Jones E. of the Grand Strand, Inc.*, No. C.A. 4:92-0971-21, 1992 WL 459580, *3 (D.S.C. Nov. 9, 1992)).

Grant of an injunction is not automatic, however. A plaintiff must satisfy the traditional permanent-injunction analysis. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391–94 (2006). As explained by the Court, plaintiff must show the following:

(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391.

In *Phelps & Associates, LLC v. Galloway*, 492 F.3d, 532 (4th Cir. 2007), the Fourth Circuit recognized the need to evaluate a request for a permanent injunction in a copyright infringement matter pursuant to the *eBay* injunction factors and noted the following: "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Id.* at 544. The *Phelps* court also considered the second factor, noting that, even though calculation of future damages and profits from a copyright infringement "might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible[.]" *Id.*

Here, the court recommends a finding that Miche Bag has demonstrated irreparable injury and the inadequacy of a purely legal remedy. *See EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 510–11 (E.D. Va. 2009) (noting analysis of first and second factors often overlap conceptually). Ayers has continued to advertise and sell products that infringe on Miche Bag's Copyrighted Works and does not seem to be thwarted by communications from Miche Bag's counsel or by legal action. Miche Bag has provided Ayers with ample notice of the infringement. Ayers initially communicated

with Miche Bag's counsel, but failed to appear in this litigation. Her action—and inaction—demonstrates her "refusal to acknowledge [her] legal obligations, makes the threat of continued infringement likely, and underscores the ineffectiveness of a remedy at law." *Rodriguez*, 691 F. Supp. 2d at 635 (finding permanent injunction appropriate in copyright infringement default judgment). Further, even if future damages could be determined, they would require the speculation and guesswork referenced in *Phelps* and *White*.

The court also recommends a finding that Miche Bag has satisfied the third and fourth *eBay* factors. The balance of hardships tips in Miche Bag's favor. Ayers has no right to continue selling and advertising the infringing products or to profit therefrom. Her actions adversely impact Miche Bag's intellectual property and other interests. Finally, the public's interest in protecting intellectual property rights is greater than permitting Ayers to continue to advertise and sell the infringing products. Indeed, the public interest is enhanced by protection of a copyright when infringement has occurred. *White*, 618 F. Supp. 2d at 511 (internal citations omitted).

Based on the recommended findings that Miche Bag has satisfied the four factors set out by the *eBay* Court, the undersigned recommends the grant of the permanent injunction Miche Bag seeks. Further, the court finds the order of destruction sought by Miche Bag to be appropriate under the facts and circumstances set out within and recommends this relief be granted, as well. *See Artista Records, LLC v. Gaines*, 635 F.

Supp. 2d 414, 417 (E.D.N.C. 2009) (granting injunction prohibiting further infringement and ordering destruction of property made in violation of plaintiff's exclusive rights).

In addition, the undersigned recommends that Ayers be required to file with the court, and serve upon Miche Bag, within thirty days after the entry and service on Ayers of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Ayers has complied with the terms of such injunction. *See Adobe Sys., Inc. v. Marmoletos*, No. C 08-05514 WHA, 2009 WL 1034143, *3 (N.D. Cal. Apr. 16, 2009) (issuing injunction pursuant to 17 U.S.C. § 502 and 15 U.S.C. § 1116 (a) and requiring defendant to file and serve written report of compliance); *cf.* 15 U.S.C. § 1116(a) (providing an injunction under Trademark Act may include requirement that defendant serve and file compliance report).

V.     Recommended Judgment

The undersigned recommends default judgment be entered against Ayers and that Ayers be found liable for willful copyright infringement pursuant to 17 U.S.C. § 501. As a result of such infringement, Miche Bag should be awarded judgment against Ayers, which should include the award of $384.50 in costs and $17,516 in attorneys' fees pursuant to 17 U.S.C. § 505 and $150,000 in statutory and enhanced damages pursuant to 17 U.S.C. § 504. Thus, the total recommended monetary award is $167,900.50, barring supplementation by counsel. Additionally, under 17 U.S.C. § 502(a), the undersigned recommends that the court enter a permanent injunction providing that Defendant Leslie Ayers, d/b/a Your Little Makeup Shoppe be and enjoined from directly or indirectly

infringing Plaintiff Miche Bag, LLC's rights under federal or state law in the Copyrighted Works. Further, it is recommended that Ayers be ordered to destroy all products, packaging, merchandise, advertisements, or other materials that violate Miche Bag's Copyrighted Works. Finally, it is recommended that Ayers be required to file with the court, and serve upon Miche Bag, within thirty days after the entry and service on Ayers of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Ayers has complied with the terms of such injunction.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Ayers at 2954-B Howard Avenue, Myrtle Beach, South Carolina 29577.

IT IS SO RECOMMENDED.

September 22, 2010                           Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**